## LEDERER v. PARRISH et al.

(Circuit Court of Appeals, Third Circuit.
January 11, 1927.)

No. 3541.

Internal revenue ⬅➡7(19)—Partnership cannot deduct loss personally assumed, and paid by partner by correspondingly reducing capital, and deducted in personal income tax return.

Where partner personally assumed partnership loss, and paid it by correspondingly reducing his capital in firm, and deducted such loss in personal income tax return, partnership was not entitled to deduct loss in determining income tax of firm.

In Error to the District Court of the United States for the Eastern District of Pennsylvania; Oliver B. Dickinson, Judge.

Suit by Morris L. Parrish and others, copartners trading as Parrish & Co., against Ephraim Lederer, formerly Internal Revenue Collector, for whom Grace N. Lederer, as executrix, was substituted after his death. Judgment for plaintiffs (14 F.[2d] 987), and defendant brings error. Reversed.

George W. Coles, U. S. Atty., and Joseph L. Kun, Asst. U. S. Atty., both of Philadelphia, Pa., for plaintiff in error.

R. Sturgis Ingersoll, of Philadelphia, Pa. (Ballard, Spahr, Andrews & Madeira, of Philadelphia, Pa., of counsel), for defendants in error.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge. This is an income tax case. Three men were equal partners in a bond and brokerage business. Two of the partners, fearing a customer's account would eventually result in a loss to the firm, insisted on closing it. The third partner insisted on continuing the account, and agreed, if its continuance resulted in a loss, he would personally assume and pay it. The loss occurred, and the third partner paid it. This he did by having the firm charge it against his capital share in the partnership, and correspondingly reducing his capital in the firm. Thereafter the partner who had made up the loss claimed and was allowed for such loss in his personal income tax return. In its income tax return the firm also claimed the same loss as one made by it. The collector disallowed such claim and collected the firm's tax in full. Thereupon it brought this suit, and recovered a verdict for the alleged overpayment. From a judgment entered thereon the collector took this appeal.

We are of opinion the collector was right. While the account of the firm's customer primarily fell on the firm, eventually the firm lost nothing, for, in pursuance of his antecedent agreement, the third partner assumed and paid the loss himself. This he did by sacrificing and lessening, by the amount of the loss, his share in the partnership. Of course, as regarded creditors, the firm's resources were lessened by the withdrawal of a part of its capital; but this involved no loss to the firm as such, nor to its members. As to the firm and the other two partners, a corresponding benefit accrued to the firm by the extinguishment, pro tanto, of its capital account, which was a liability, and as to the two partners by giving them a correspondingly larger interest than their partner in the partnership assets, and a correspondingly larger interest in the firm's profits. There was but one loss, and we are unable to see how two losses can be made out of one.

So holding, the judgment below is reversed.